1  ROTHNER, SEGALL & GREENSTONE
   ANTHONY R. SEGALL (CSB No. 101340)
2  E-Mail: asegall@rsglabor.com
   MICHELE SHERER ANCHETA (CSB No. 192039)
3  E-Mail: mancheta@rsglabor.com
   510 South Marengo Avenue
4  Pasadena, California  91101-3115
   Telephone:  (626) 796-7555
5  Facsimile:   (626) 577-0124

6  Attorneys for Plaintiffs

7

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10                     WESTERN DIVISION

11

12  ANA M. HANSON, for and on behalf of      CASE NO. 2:21-cv-695
    Southern California Painting & Drywall
13  Industries Health & Welfare Fund,
    Southern California Painting and         COMPLAINT FOR DELINQUENT
14  Decorating Labor Management              TRUST FUND CONTRIBUTIONS
    Cooperation Committee Trust Fund, and    TO EMPLOYEE BENEFIT PLANS
15  Southern California Painting & Drywall
    Industries Apprenticeship Trust Fund;    [29 U.S.C. §§ 185(a), 1132(a)(3),
16  and TIM D. MAITLAND, for and on           and 1145]
    behalf of International Union of Painters
17  and Allied Trades Industry Pension Fund,
    Finishing Trades Institute, and Painters
18  and Allied Trades Labor Management
    Cooperation Initiative ("IUPAT Industry
19  Pension Funds"),

20              Plaintiffs,

21        v.

22  ENDURANCE PAINTING, INC.;
    AUSTIN VULICH, an individual; and
23  DOES 1-10, inclusive,

24              Defendants.

25

26  / / /

27  / / /

28  / / /

                              1

1    Plaintiffs allege as follows:

2

3    **JURISDICTION AND VENUE**

4

5    1.    This is an action for delinquent contributions due to employee benefit

6    plans.  Jurisdiction in this Court is based on §§ 502(a)(3), 502(e)(1), and 515 of

7    the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.

8    §§ 1132(a)(3), 1132(e)(1), 1145, and on § 301(a) of the Labor Management

9    Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a).

10

11    2.    Venue is proper in this Court pursuant to ERISA § 502(e)(2), 29

12    U.S.C. § 1132(e)(2), and LMRA § 301(a), 29 U.S.C. § 185(a), in that this is the

13    district where the plans, other than the IUPAT Industry Pension Fund, are

14    administered and a defendant may be found.

15

16    **PARTIES**

17

18    3.    The claims in this action are brought on behalf of the Southern

19    California Painting & Drywall Industries Health & Welfare Fund, the Southern

20    California Painting and Decorating Labor Management Cooperation Committee

21    Trust Fund, the Southern California Painting & Drywall Industries Apprenticeship

22    Trust Fund, and the IUPAT Industry Pension Fund (collectively "Trust Funds").

23    The Trust Funds are now, and were at all times material herein, jointly trusteed

24    labor-management multiemployer trust funds created and maintained pursuant to

25    LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5).  The Trust Funds are "employee benefit

26    plans" as that term is defined in ERISA § 3(3), 29 U.S.C. § 1002(3), and within

27    the meaning of ERISA § 515, 29 U.S.C. § 1145.

28    / / /

2

4.      Plaintiff Ana M. Hanson is, and at all times material has been, a trustee and enforcement administrator of the Southern California Painting & Drywall Industries Health & Welfare Fund, the Southern California Painting and Decorating Labor Management Cooperation Committee Trust Fund ("LMCC"), and the Southern California Painting & Drywall Industries Apprenticeship Trust Fund.  Plaintiff Hanson is a "fiduciary" as that term is defined in ERISA Section 3(21)(A), 29 U.S.C. § 1002(21)(A), and within the meaning of ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3), authorized by the foregoing listed trust funds to bring this action.

5.      Plaintiff Tim D. Maitland is, and at all times material has been, the Fund Administrator of the International Painters and Allied Trades Industry Pension Fund, known as the "IUPAT Industry Pension Fund."  Plaintiff Maitland is a "fiduciary" as that term is defined in ERISA Section 3(21)(A), 29 U.S.C. § 1002(21)(A), and within the meaning of ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3), authorized by the IUPAT Industry Pension Plan to bring this action.

6.      The Trust Funds were created pursuant to separate agreements and declarations of trust ("Trust Agreements") executed and maintained pursuant to various collective bargaining agreements between the Painters and Allied Trades District Council 36, AFL-CIO ("District Council") and employers in the painting and drywall industry.  The Trust Funds are funded by payments from participating employers.

7.      Plaintiffs are informed and believe and on that basis allege that Defendant Endurance Painting, Inc.("Endurance") is a California corporation with its principal place of business in Los Angeles, California.  Endurance is an "employer" engaged in "commerce" and in an "industry affecting commerce" as

3

defined in LMRA §§ 2(2) and (7), 29 U.S.C. §§ 152 (2) and (7), and LMRA § 301(a), 29 U.S.C. § 185(a), and in ERISA §§ 3(5) and (12), 29 U.S.C. §§ 1002(5) and (12), and ERISA § 515, 29 U.S.C. § 1145.

8.     Plaintiffs are informed and believe and on that basis allege that Defendant, Austin Vulich, is an individual and was at all material times to this action the RMO, CEO and President of defendant, Endurance Painting, Inc.

9.     Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sue these defendants by such fictitious names.

10.     Plaintiffs are informed and believe, and thereon allege, that at all material times each of the defendants was the agent and/or employee of the remaining defendants and that each was acting within the course and scope of such agency and/or employment.  To the extent that the conduct and omissions alleged herein were perpetrated by one or more defendants, the remaining defendants confirmed and ratified such conduct and omissions.

## FACTUAL ALLEGATIONS

**[THE OBLIGATION TO MAKE BENEFIT CONTRIBUTIONS]**

11.     At all relevant times, Endurance Painting has been a party to and bound by a collective bargaining agreement ("CBA") with District Council #36. The Trust Funds have at all times been third party beneficiaries of the CBA.  (True and correct copies of signed counterpart agreements are attached hereto as Exhibit "A".)

4

12.     Under Article 18 of the CBA, the Employer is required to pay employee benefit plan contributions to the Trust Funds.  The amounts of such contributions are based on the total number of hours worked by each covered employee or required to be paid to such employee, and the Employer is required to report on and pay such amounts monthly.  The CBA provides that if the report and contributions are delinquent, the contributing employer shall be liable for liquidated damages, in addition to delinquent contributions. (A true and correct copy of this Article is attached hereto as Exhibit "B".)

13.     Under Article 18, Section 9 of the CBA, any employer who fails to make payments for the benefits provided herein and in said Agreements and Declarations of Trust, shall be personally responsible to the employee herein covered for the benefits which would have accrued by such coverage.

14.     Under Declaration of Trust for the Pension Fund, the Health and Welfare Fund, the Apprenticeship Fun and the Labor Management Cooperation Committee Fund, the Employer is required to pay employee benefit plan contributions to the Trust Funds.  The amounts of such contributions are based on the total number of hours worked by each covered employee or required to be paid to such employee, and the Employer is required to report on and pay such amounts monthly.  The Trust Agreements provide that if the report and contributions are delinquent, the contributing employer shall be liable for liquidated damages, in addition to delinquent contributions. (A true and correct copy of the Declarations of Trust is attached hereto as Exhibit "C".)

/ / /

/ / /

/ / /

/ / /

5

**FIRST CLAIM FOR RELIEF**

**[FAILURE TO PAY MONIES OWED**]

15.     Defendant Endurance Painting is delinquent to the Trust Funds for the months of September 2016, November 2016, February 2018, June - December 2018, February and March 2019 based on an audit of it's records; and submitted reports without money for which contributions are also owed for the months of December 2019, January 2020 and February 2020.  The total owing in contributions to all funds based on both the audit and the reports received without money is $69,744.81.

16.     Endurance has failed to pay liquidated damages on the amounts due and owing in the amount of $39,312.53.

17.     Endurance has failed to pay interest on amounts due and owing in the amount of $6,040.12.

18.     Because of this failure to pay the required contributions, plaintiffs are entitled under the CBA and Trust Agreements and pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), to interest on the unpaid contributions at the legal rate.

**WHEREFORE**, plaintiffs seek judgment against Endurance Painting, Inc. and Austin Vulich, an individual, as follows:

1.     For delinquent contributions due;

2.     For liquidated damages and interest on all unpaid contributions;

/ / /

6

3.      For reasonable attorneys' fees and costs incurred;

4.      For such other and further relief as this Court deems proper.

DATED: January 25, 2021            ANTHONY R. SEGALL
                                   MICHELE SHERER ANCHETA
                                   ROTHNER, SEGALL & GREENSTONE


                                   By:    /s/Michele Sherer Ancheta
                                          MICHELE SHERER ANCHETA
                                   Attorneys for Plaintiffs

7